UNITED STATES DISTRICT COURT

DISTRICT OF NEW JERSEY

| | |
|---|---|
| KEVIN MCNAMARA,<br><br>Petitioner,<br><br>v.<br><br>DIRECTOR CHARLES,<br><br>Respondent. | Civil Action No. 16-1510(MCA)<br><br><br>MEMORANDUM OPINION |

I.  **INTRODUCTION**

This matter has been opened to the Court by Petitioner's filing of a habeas petition pursuant to 28 U.S.C. § 2241 (ECF No. 1) and a "Motion for Immediate Release." (ECF No. 5.) For the reasons stated herein, the Court will dismiss the habeas petition without prejudice pursuant to its screening authority and deny the Motion for Immediate Release, as Petitioner has neither exhausted his state-court remedies nor presented extraordinary circumstances sufficient to warrant pre-trial, pre-exhaustion habeas relief. Because it appears that Petitioner is also attempting to assert a claim for denial of access to the courts, the Court will, however, permit Petitioner to file a new civil action under § 42 U.S.C. § 1983 within 45 days to the extent he can provide facts stating a claim for relief.

II.  **FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

In his Petition, Petitioner states that he is a pretrial detainee, currently detained at Union County Jail, and provides the following facts in support of habeas relief:

> I am a pre-trial detainee wrongly imprisoned for a burglary based on fraudly [sic] filed DNA match in the N.J.S.P. Codis System! . . .

1

> In March 2015, I appeared with my lawyer . . . and was vindicated of a burglary from Montclair, N.J. The instant case is based on alleged DNA match to the alleged DNA in Montclair. That case was dismissed because that DNA wasn't mine. (See Exs, A, B, C) Knowing I was vindicated, Det. W.V. Coad lodged their case in the Codis System saying their case was solved by my DNA. I have full discovery in this case. It's less than smoke and mirrors. I have written my alleged P.D. (see copy of enclosed letter to Ms. Kandace Clarke) and my family have called the P.D.s Office . . . I'm imprisoned since 12/2/15, yet have never seen her. I have asked for a ROR and a Pro. Cause hearing.
>
> . . . .
>
> In view of the above I am falsely imprisoned in violation of the Due Process Clause of the 14th Amendment and the 4th Amendment. Several times I have asked for a probable cause motion and have filled/sent a motion for ROR or a bail reduction to no avail. I have written A.J.K. Cassidy.
>
> . . . .
>
> A major problem here supporting my illegal imprisonment is despite U.S. Supreme Court cases mandating adequate access to the Courts, there is no law library here! I have hand write my motions and wait to get copies made. I cannot shepardize!

(ECF No. 1, Pet. at 7-8.) In response to the question of whether he presented his grounds for relief "in all appeals that were available to you", Petitioner states: "I am pretrial." (*Id.*, Pet. at 8.) In the relief section of his Petition, Petitioner seeks an Order (1) providing for his "immediate release", (2) correcting the allegedly false reports filed in New Jersey Codis system and nationwide, (3) requiring the jail to provide him with an adequate law library, and (4) providing him with competent appointed counsel. (*Id.*, Pet. at 9.)

Petitioner filed the instant Petition on March 17, 2016, and subsequently submitted a "Motion for Immediate Release," which seeks an Order releasing him from confinement and correcting the false reports. (*See* ECF No. 5.) The certification attached to the motion reiterates his contention that the law library at Union County Jail is inadequate. (*Id.* at ¶¶ 3-4.)

2

Moshood Muftau, Esquire, Second Deputy Counsel for the County of Union, has entered an appearance on behalf of Director Ron Charles, and has submitted opposition to Petitioner's motion. (ECF Nos. 4, 7.) In that submission, Respondent states that Petitioner was committed to Union County Jail on December 2, 2015 and is currently awaiting trial. (ECF No. 7, at 1.) Respondent argues that Petitioner's habeas Petition should be dismissed for the following reasons: (1) Petitioner has not alleged or provided evidence that he has exhausted his available state remedies with respect to his habeas claims; (2) Petitioner's allegations that his attorney is ineffective are premature because he has not yet been convicted; and (3) Petitioner's allegations that the law library is inadequate are untrue. In reply, Petitioner argues that he is entitled to relief on his claims. (*See generally*, ECF Nos. 8-13.)

### III. ANALYSIS

At this time the Court will decide Petitioner's Motion for Immediate Release and will also screen the Petition and dismiss it if it appears from the face of the petition that Petitioner is not entitled to relief. *See* 28 U.S.C. § 2254 Rule 4 (made applicable to § 2241 through Rule 1(b)); *see also McFarland v. Scott*, 512 U.S. 849, 856 (1994); *Siers v. Ryan*, 773 F.2d 37, 45 (3d Cir. 1985), *cert. denied*, 490 U.S. 1025 (1989).

From the outset, the Court notes that federal law provides two avenues of relief to prisoners: a petition for habeas corpus and a civil rights complaint. *See Muhammad v. Close,* 540 U.S. 749, 750 (2004). In general, "[c]hallenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus ... [while] requests for relief turning on circumstances of confinement [fall within the realm of] a § 1983 action." *Id.* It appears to the Court that some of Petitioner's allegations relate to the validity of his

3

confinement; however, his allegation of denial of access to the courts relates to the circumstances of his confinement. The Court considers both sets of claims below.

### a. Habeas Claims

As a pretrial detainee, Petitioner's challenge to the validity of his confinement at Union County Jail and his request for release from confinement is properly brought pursuant to 28 U.S.C. § 2241. *See Moore v. DeYoung*, 515 F.2d 437, 441–42 (3d Cir. 1975); *see also Duran v. Thomas*, 393 F. App'x 3, 4 (3d Cir. 2010) (per curiam) ("[S]ection 2241 authorizes a federal court to issue a writ of habeas corpus to any pretrial detainee who is in custody in violation of the Constitution or laws or treaties of the United States."); *see also Carstarphen v. Camden Cty. Corr. Facility Warden*, No. CIV. 14-4596 RBK, 2014 WL 4723150, at *2 (D.N.J. Sept. 19, 2014); *Avila v. New Jersey*, No. 07–3387, 2007 WL 2682937, at *4 n. 4 (D.N.J. Sept.6, 2007).

For state prisoners, however, federal habeas corpus is substantially a post-conviction remedy. *See Moore*, 515 F.2d at 441-42 (citing *Peyton v. Rowe*, 391 U.S. 54, 60 (1967)). Although "district courts have jurisdiction under 28 U.S.C. § 2241 to issue a writ of habeas corpus before a criminal judgment is entered against an individual in state court," *see Moore*, 515 F.2d at 441–42, "that jurisdiction must be exercised sparingly in order to prevent in the ordinary circumstance 'pre-trial habeas interference by federal courts in the normal functioning of state criminal processes.'" *Duran*, 393 F. App'x at 4 (quoting *Moore*, 515 F.3d at 445–46). Thus, the Third Circuit has held that jurisdiction without exhaustion of state court remedies should not be exercised at the pre-trial stage unless extraordinary circumstances are present. *See id.*

With this framework and these cases in mind, this Court now looks to Petitioner's arguments to determine whether he has exhausted state court remedies on the merits or has

4

demonstrated extraordinary circumstances. Here the Petition itself and Petitioner's filings do not demonstrate that he has exhausted his state court remedies with respect to his claims that he (1) has been wrongfully confined on Burglary charges, (2) has been denied a probable cause hearing and other relief, and (3) has received inadequate representation by the public defender. In a letter dated September 21, 2016, Petitioner appears to acknowledges that state court remedies exist; however, he appears to allege that he cannot avail himself of these remedies due to the inadequacy of the law library and because he cannot comply with the New Jersey Appellate Division Practice Checklist, which requires, among other things, that briefs be typed and stapled. Petitioner further states that pretrial detainees are not permitted access to word processors or typewriters. (*See generally*, ECF No. 10.) Petitioner, however, does not provide any facts or evidence suggesting that he has sought relief through state remedies, that those remedies are totally unavailable, or that the Appellate Division or other state court has refused to accept his appeals because they are handwritten or otherwise do not conform to the checklist.

      The Court also finds that Petitioner's allegations as described in his petition also fail as extraordinary circumstances sufficient to qualify for pretrial, pre-exhaustion habeas corpus relief. *See, e.g., Duran*, 393 F. App'x. at 4 (affirming dismissal of § 2241 petition alleging that petitioner was subjected to warrantless arrest, was detained without probable cause hearing, and that state court had imposed excessive bail). Because Petitioner also appears to raise a speedy trial issue in one of his submissions (ECF No. 13, at 1), the Court further notes that in *Moore*, the Third Circuit held that there was nothing in the nature of the speedy trial right to qualify it as a *per se* extraordinary circumstance that warranted dispensing with the exhaustion requirement. *See* 515 F.2d at 445-46 (explaining that Petitioner's speedy trial claims will still be available to him "as an affirmative defense at trial and thereafter, on appellate review").

Petitioner has not made the showing of extraordinary circumstances necessary to justify this Court's intervention before the state courts have had an opportunity to consider his claims. This action appears to be an attempt by petitioner to litigate alleged constitutional claims prematurely in federal court. *See Duran*, 393 F. App'x at 4 (citing *Moore*, 515 F.2d at 445). The proper procedure is for Petitioner to exhaust his constitutional claims <u>before all three levels of the New Jersey state courts</u>. "Once [Petitioner] has exhausted state court remedies, the federal courts will, of course, be open to him, if need be, to entertain any petition for habeas corpus relief which may be presented. These procedures amply serve to protect [Petitioner]'s constitutional rights without pre-trial federal intervention in the orderly functioning of state criminal processes." *Moore*, 515 F.2d at 449. As such, the Court will dismiss without prejudice Petitioner's habeas Petition at this time, and will likewise deny his Motion for Immediate Release.

### b. Potential Claim for Relief under § 1983

The Court also notes that to the extent Petitioner attempts to raise an access to the courts claim in the instant habeas petition, that claim is properly brought as a claim for relief under 42 U.S.C. § 1983. As Petitioner states in his Petition, prisoners must be allowed "adequate, effective and meaningful" access to the courts. *See Bounds v. Smith*, 430 U.S. 817, 822 (1977) (holding that prisons must give convicted inmates access to law libraries or direct legal assistance). A pretrial detainee's constitutional right of access to the courts is embodied in the First and Fourteenth Amendments. *Monroe v. Beard*, 536 F.3d 198, 205 (3d Cir. 2008) (citing *Lewis v. Casey*, 518 U.S. 343, 346 (1996)).

In *Bounds v. Smith*, 430 U.S. 817, 828 (1977), the Supreme Court held that "the fundamental constitutional right of access to the courts requires prison authorities to assist

6

inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." With respect to convicted prisoners, "[t]he tools [that *Bounds*] requires to be provided are those that the inmates need in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement." *Lewis v. Casey*, 518 U.S. 343, 355 (1996). Similarly, a pretrial detainee has a right of access to the courts with respect to legal assistance and participation in one's own defense against pending criminal charges."[1] *Hargis v. Atl. Cty. Justice Facility*, No. CIV.A.10-1006(JBS), 2010 WL 1999303, at *6 (D.N.J. May 18, 2010) (citing *May v. Sheahan*, 226 F.3d 876, 883–84 (7th Cir.2000); *Caldwell v. Hall*, 2000 WL 343229 (E .D. Pa. March 31, 2000)). As explained by the Third Circuit, "Prisoners must be afforded the availability of either 'adequate law libraries or adequate assistance from persons trained in the law,'" *Mitchell v. Wydra*, 377 F. App'x 143, 144–45 (3d Cir. 2010) (citing *Bounds v. Smith*, 430 U.S. 817, 828 (1977), in order to exercise their right of court access. "Prison authorities need not provide both of these, but must provide one or the other...." *Id.* (citing *DeMallory v. Cullen*, 855 F.2d 442, 446 (7th Cir. 1988)).

Notably, "a prisoner alleging a violation of his right of access [to the courts] must show that prison officials caused him past or imminent 'actual injury' by hindering his efforts to pursue such a claim." *Banks v. Fraiser*, No. CIV A 06-4152 FLW, 2007 WL 38909, at *4 (D.N.J. Jan. 4, 2007) (citing *Lewis v. Casey*, 518 U.S. 343 (1996)). "Where prisoners assert that

---

[1] The Third Circuit has held that a pretrial detainee's access to court appointed counsel typically satisfies his right to meaningful access to the courts. *See Peterkin v. Jeffes*, 855 F.2d 1021, 1042 (3d Cir. 1988) (construing "*Bounds* to hold that the provision of lawyers is one means by which a state may provide prisoners with meaningful access to courts"); *see also Bourdon v. Loughren*, 386 F.3d 88 (2d Cir. 2004) (appointment of counsel can be a valid means of fully satisfying constitutional obligation to provide prisoners, including pretrial detainees, with access to the courts).

defendants' actions have inhibited their opportunity to present a past legal claim, they must show (1) that they suffered an 'actual injury'—that they lost a chance to pursue a 'nonfrivolous' or 'arguable' underlying claim; and (2) that they have no other 'remedy that may be awarded as recompense' for the lost claim other than in the present denial of access suit." *Monroe*, 536 F.3d at 205-06 (citing *Christopher v. Harbury*, 536 U.S. 403, 415 (2002). Thus, prisoners bringing access to the court claims "must satisfy certain pleading requirements: The complaint must describe the underlying arguable claim well enough to show that it is "more than mere hope," and it must describe the "lost remedy." *Id.* (citing *Christopher* 536 U.S. at 416–17); *see also Schreane v. Holt*, 482 F. App'x 674, 676 (3d Cir. 2012) (A plaintiff does not establish a constitutional violation when he establishes only that he had a "mere hope" that he would prevail on the underlying claim.). Furthermore, conclusory allegations that an inmate suffered prejudice will not support an access-to-courts claim. *Duran v. Merline*, 923 F. Supp. 2d 702, 722-23 (D.N.J. 2013) (citing *Arce v. Walker*, 58 F.Supp.2d 39, 44 (W.D.N.Y.1999) (internal citations omitted)). As such, an access to the Courts claim will be subject to dismissal where "the Court [is] left to guess whether the suit had any merit." *Sanders v. Rose*, 576 F. App'x 91, 94 (3d Cir. 2014).

  The parties disagree as to whether Petitioner has been provided adequate access to the courts while at Union County Jail. The Court, however, need not decide whether Plaintiff has stated an access to the courts claim, as Plaintiff is seeking <u>habeas relief</u> in the present action and has not filed a civil rights complaint pursuant to 42 U.S.C. § 1983. The Court, however, will dismiss Petitioner's habeas petition without prejudice to his filing of <u>a new civil action</u> under 42 U.S.C. § 1983 within 45 days to the extent he can provide facts stating a § 1983 claim for denial of access to the courts.

IV.     **CONCLUSION**

For the reasons stated in this Memorandum Opinion, the Court will dismiss without prejudice Petitioner's habeas Petition at this time, and will likewise deny his Motion for Immediate Release (*see* ECF Nos. 1, 5), as Petitioner has neither exhausted his state-court remedies nor presented extraordinary circumstances sufficient to warrant pre-trial, pre-exhaustion habeas relief. To the extent Petitioner seeks to bring a claim for denial of access of the courts, that claim is properly brought under 42 U.S.C. § 1983 and not as a habeas petition under 28 U.S.C. § 2241. If Petitioner can provide facts stating a § 1983 claim for denial of access to the courts, Petitioner may file a new civil action under § 1983 within 45 days of the date of the Order accompanying this Opinion. An appropriate Order follows.

_____
Madeline Cox Arleo, U.S.D.J.

Dated: March 21, 2017